Russell & Co. v. Mestre.

.RUSSELL & COMPANY, SUCESORES, ETC., Complainants,

*v.*

SALVADOR MESTRE, as Attorney General of Porto Rico, and Joseph A. Loret, as Assistant Attorney General of Porto Rico, and Miguel A. Muñoz, as Assistant Attorney General of Porto Rico, Dfts.

---

San Juan, Equity, No. 1101.

REMOVAL OF CAUSES.

Removal—Correctness for Federal Courts.

1. When a cause is begun in one of the Insular courts of Porto Rico and is then removed to the United States district court for Porto Rico by the defendants, and the plaintiff in such proceeding seeks a remand, which is denied, counsel for the complainant, even if complainant be the People of Porto Rico, is not allowed to litigate the matter further in any of the Insular courts. The question as to the correctness of the decision of this court is to be determined only by the circuit court of appeals at Boston, or by the United States Supreme Court.

Removal—Removed Party Enjoined from Local Proceeding.

2. If counsel for the complainant in such case seek to litigate the matter in the Insular court after the denial of the motion to remand, it is the duty of this court to issue an injunction.

Opinion filed September 3, 1921.

---

*Mr. O. B. Frazer* for complainant.

*Attorney General of Porto Rico* for defendant.

Russell & Co. v. Mestre.

ODLIN, Judge, delivered the following opinion:

In this cause the court had issued a rule directed to the defendants to show cause why an injunction should not be granted against them from proceeding with certain litigation in the Insular district court of Ponce, Porto Rico, which had been brought by the People of Porto Rico as complainant against the said Russell & Company, Sucesores, etc., as defendants, and which cause had been removed by the said Russell & Company to this court, and thereafter a motion to remand said cause to the Insular district court at Ponce had been denied by the Honorable Peter J. Hamilton who was the judge of this court previous to May 7th, 1921; and thereafter a petition for a rehearing upon said petition for a remand was filed before the present judge of this court and fully argued by counsel for Russell & Company and also by the Assistant Attorneys General of Porto Rico. This court thereafter held that the ruling of his Honor, Judge Hamilton, was correct, and that the cause should not be remanded; and the petition for a rehearing was denied. The court is of the opinion that the proper way, and the only proper way, to correct the ruling of his Honor, Judge Hamilton, and the ruling of the undersigned judge, if incorrect, is by having the same reviewed by the circuit court of appeals at Boston after the trial of the cause, and this court is of the opinion that it is not proper after a remand is denied, to continue to attempt to litigate the cause in the Insular district court just the same as if it had not been removed to this court.

For these reasons the Attorney General of Porto Rico and his assistants above named are each and all enjoined from proceeding to litigate this matter in the Insular district court of Ponce until the further order of this court, provided that

the said Russell & Company shall give a bond, to be approved by the clerk of this court, in the sum of one thousand dollars ($1,000), conditioned to pay all loss, damages, costs, and injuries which the People of Porto Rico or the Attorney General of Porto Rico or either of the Assistant Attorneys General of Porto Rico may suffer in the event that it shall be held that this injunction was improperly issued.

It is so ordered.